UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN PICKERING-GEORGE,

                Plaintiff,

-against-

GAZIVODA MANAGEMENT LLC, et al.,

                Defendants.

22-CV-10397 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this *pro se* action styled as a criminal complaint against a landlord and others associated with a rental property. Plaintiff, who is barred from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file, also requested permission to file this action and to proceed IFP. On January 4, 2023, the Court held that Plaintiff had failed to show good cause why he should be permitted to file this new action, denied his request for leave to file IFP, and dismissed this action. (ECF 5.)

    On January 26, 2023, Plaintiff filed four submissions in which he challenges the Court's January 4, 2022, order of dismissal, and seeks leave to proceed with this action. He submitted the following: (1) a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and Fed. R. Crim. P. 12 (ECF 7); (2) a letter addressed to the U.S. Department of Justice in which he voices his objections to this Court's ruling (ECF 8); (3) a "Motion for Amended and Supplemental Pleadings, FRCP Rule 15" (ECF 9); and (4) a motion objecting to the Court's order and requesting leave to file (ECF 10).

    The Court liberally construes Plaintiff's submissions together as a motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, as well as a motion under Rule 60(b) of the Federal

Rules of Civil Procedure for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (stating the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submissions, the Court denies the motion.

## DISCUSSION

**A.     Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Plaintiff's submissions challenging the Court's January 4, 2023, order, suffer from the same deficiencies as his complaint. He fails to allege any facts suggesting that he can state a viable claims against the named Defendants that is within this Court's jurisdiction. As in many of

Plaintiff's previous filings, he clouds the legal issues he is trying to present with disjointed information and various legal citations, rendering it difficult to understand the grounds for relief that he asserts.

Nevertheless, the Court has considered Plaintiff's contentions, and even under a liberal interpretation of the submissions, he has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to dismissal of this action. The Court also considers Plaintiff's pattern of vexatious and frivolous litigation. For both these reasons, the Court declines to grant him leave to proceed with this action and denies him the other relief that he seeks. Plaintiff's motion under Rule 59(e) is denied.

**B.      Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3, for the same reasons as his motion under Rule 59(e), that is, he has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action.

**C.      Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing

party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court finds that Plaintiff has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applies or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of the complaint, his requests for relief under Rule 60(b) are denied.

Because this matter remains closed, the Court will not accept any further submissions in this case, except for papers directed to the United States Court of Appeals for the Second Circuit.

## CONCLUSION

The Court construes Plaintiff's submissions together (ECF 7-10) as a motion for reconsideration, and denies the motion. All other pending matters in this case are terminated. The order barring Plaintiff from filing any new action IFP without first seeking permission of the Court remains in effect.

This action is closed. The Clerk of Court is directed not to accept any further submissions under this closed case number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: February 1, 2023
New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge